IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 8/1/05
TIME: 9:40 am
INITIALS: JPW

ALLEN R. CARSON, SR.,

    Plaintiff,

v.                                                                     No. 04-2098 Ml V

TECHNICOLOR,

    Defendant.

---

### PROPOSED JOINT PRETRIAL ORDER

COME NOW the parties with their Joint Pretrial Order in the above referenced matter. A pretrial conference was held on Monday, August 1, 2005, at 9:00 a.m. at the United States District Courthouse in Memphis, Tennessee before the Honorable Jon P. McCalla. The Plaintiff represented himself pro se. Present and representing Defendant was David M. Rudolph of the law firm of Martin, Tate, Morrow & Marston, P.C.

### JURISDICTIONAL QUESTIONS

Jurisdiction has been conceded by the parties and should be found by the Court to be present pursuant to 28 U.S.C. § 1331.

### MOTIONS PENDING  (See order entered Aug 1, 2005 Denying Motion for S/J)

1. **Defendant's Motion for Summary Judgment, filed 3/31/05.** Defendant has filed a motion for summary judgment on the grounds that Plaintiff cannot establish a prima facie case of gender discrimination. Plaintiff cannot show that female employees Mary Adair and

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-2-05

17

Latunda Dugan are similarly situated and were treated more favorably than him. Technicolor determined that Plaintiff was the instigator of the verbal confrontation between the two female employees. In particular, decision maker Sue Bradford determined that Plaintiff had incited and heightened the situation by moving from group to group, making false statements about the two female employees, which directly led to the confrontation between those employees. Because of his acts of instigation, Plaintiff received more discipline than the two female employees. As a result, Plaintiff cannot establish the fourth element of a prima facie case of gender discrimination and his case should be dismissed.

Even if the Court finds that Plaintiff has established a prima facie case, Plaintiff cannot establish that Technicolor's proffered reason for the employment action against Plaintiff was a pretext for discrimination. Technicolor determined that Plaintiff's acts of instigation warranted more discipline. Plaintiff cannot prove that this legitimate, nondiscriminatory reason for disparate discipline is pretextual in any way.

Plaintiff has filed a response opposing Defendant's motion for summary judgment.

## SHORT SUMMARY OF CASE

This is a gender discrimination lawsuit brought by Plaintiff Allen R. Carson, Sr. under the Title VII of the Civil Acts of 1964, as amended. Plaintiff alleges that he was discriminated against with respect to his termination for an incident in which two other female employees were involved in a verbal confrontation.

Defendant Technicolor denies that it discriminated against Plaintiff. On December 17, 2001, Plaintiff was hired as a Material Handler in the Distribution Department, 1st Shift. Newly hired Technicolor employees are subject to a three-month orientation and probationary period.

2

Employees within their qualifying period are not subject to the company's progressive discipline procedures. In February 2002, Technicolor learned that two female individuals Mary Adair and Latunda Dugan were involved in a verbal confrontation on the warehouse floor. The Technicolor Human Resources Department investigated the incident. In the course of the company's investigation, Technicolor employees provided written statements indicating that Plaintiff had instigated the confrontation between the two female employees. Sue Bradford of Technicolor determined that Plaintiff had incited and heightened the situation by moving from group to group, making false statements about the two female employees, which led to the confrontation between those employees. Because of Plaintiff's role as the instigator of the confrontation and his 90-day qualifying period status, he was terminated by Sue Bradford of Technicolor on February 13, 2002. The two female employees Mary Adair and Latunda Dugan (who were also in their probationary period) were given discipline in the form of written warnings but were not terminated. Technicolor did not terminate the employment of these two female employees because it did not believe their misconduct was as severe as Plaintiff, who instigated the incident.

## CONTENTIONS OF THE PARTIES

### 1. Plaintiff's Contentions

The Plaintiff Allen R. Carson, Sr. responds to Defendants defenses against SEX DISCRIMINATION AT TECHNICOLOR. THE EEOC investigated alleged charges against the Defendant Technicolor and charged the Defendant with violation of the Title VII Civil Rights Act of 1964.

3

The Defendant refused to accept the defeat and will not allow the Government to discuss matter any further. The Defendant would not grant the Plaintiff what was due him, which is backpay, nor would the Defendant let the Plaintiff return back to Technicolor.

Let the Court Hear the Case, because the Government investigated the case thoroughly. **Many unprotected citizens in Memphis have no rights against these Giant Rich Industrial Companies.** Sue Bradford based her decision on emotional rather than the facts. Sue Bradford a female, made a Sex Discrimination decision based on her Gender.

The Defendant stated in its material facts, that the Plaintiff was an instigator of the confrontation and was within his ninety day period. So then, the Plaintiff was terminated. The two female's misconduct was not severe enough when using **threatening remarks against one another, so then they were not terminated**. The next day after this **hearsay**, the two females employees' were indeed within their ninety-day probation period and have already been counseled and warned before that incident occurred.

The Plaintiff determination to move forward in the Federal Court. The Plaintiff's victory in the Memphis district office of the U. S. Equal Opportunity Commission proves that the charges indeed have merits. The commission issues the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964 as amended.

All requirements for coverage have been met. Charging Party alleges that Respondent discriminated against him by discharging him from his position as material handler because of his sex.

It is undisputed that Charging Party showed some employees pictures of several female co-workers taken at a local club. When Charging Party returned the pictures to the co-workers, he remarked that some comments were made regarding the pictures by other workers. It is

4

further undisputed that the co-workers confronted the persons who allegedly made the comments and a verbal altercation ensued.

The evidence reveals that the two females involved in the altercation were issued disciplinary warnings. However, Charging Party was discharged for interfering with an employee's performance of duties, and for creating a disturbance, confusion and/or panic.

Evidence shows that the two females and the Charging Party were all within their 90-day probationary period. Evidence further show that the two females had received other disciplinary warnings during their probationary period of employment. Charging party has no other instance of discipline in his file.

To maintain one employment standard for females and another for males is to discriminate because of sex within the meaning of Section (a) and (b) of Title VII of the Civil Rights Act of 1964, as amended. The evidence summarized above supports a conclusion that Charging Party was disciplined more severely than the females mentioned above.

Based on the analysis, The EEOC has determined that the evidence obtained during the investigation established that Charging Party was discriminated based on his sex, as alleged.

### 2. **Defendant's Contentions**

Plaintiff alleges that Technicolor discriminated against him on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, as amended. To make out a prima facie case for gender discrimination, a plaintiff must show that he was (1) a member of the protected class; (2) subject to an adverse employment action; (3) qualified for the job; and (4) treated differently than similarly situated female employees for the same or similar conduct. Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 928 (6th Cir. 1999). If the plaintiff establishes a prima facie case of gender discrimination, the burden of production shifts

5

to the defendant to provide a legitimate, non-discriminatory reason for the employment action. Ensley-Gaines v. Runyon, 100 F.3d 1220, 1224 (6th Cir. 1996). If the defendant provides a legitimate, non-discriminatory reason, the plaintiff must then produce evidence that the defendant's proffered reason is a pretext for discrimination. Id.

To show that he was treated differently than similarly situated females for the same or similar conduct, a plaintiff must show that "all relevant aspects" of his employment situation are "nearly identical" to those of the alleged similarly situated female employees. Id. at 929. Moreover, to be deemed "similarly situated," the individuals with whom plaintiff compares himself "'must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" Gray v. Toshiba Am. Consumer Products, Inc., 263 F.3d 595, 599 (6th Cir. 2001)(quoting Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992)).

Plaintiff cannot establish that female employees Mary Adair and Latunda Dugan are similarly situated and were treated more favorably than him. Technicolor determined that Plaintiff was the instigator of the verbal confrontation between the two female employees. In particular, decisionmaker Sue Bradford determined that Plaintiff had incited and heightened the situation by moving from group to group, making false statements about the two female employees, which directly led to the confrontation between those employees. Because of his acts of instigation, Plaintiff received more discipline than the two female employees. The Sixth Circuit has expressly recognized that instigators can be disciplined more severely (thus creating differentiating circumstances) than non-instigators. Gray, 263 F.3d at 600-02. As a result, Plaintiff cannot establish the fourth element of a prima facie case of gender discrimination and

6

his case should be dismissed.

Even if the Court finds that Plaintiff has established a prima facie case, Plaintiff cannot establish that Technicolor's proffered reason for the employment action against Plaintiff was a pretext for discrimination. Technicolor determined that Plaintiff's acts of instigation warranted more discipline. Plaintiff cannot prove that this legitimate, nondiscriminatory reason for disparate discipline is pretextual in any way.

## UNCONTESTED ISSUES OF FACT

The parties were unable to stipulate to any issues of fact.

## CONTESTED ISSUES OF FACT

### Plaintiff's Contested Issues of Fact

1. There's no evidence that Plaintiff heightened situation between two females.

2. The EEOC thoroughly investigated the situation and found the Defendant guilty.

3. Witnesses testimonies have no merits, case based on hearsay.

4. Sue Bradford believes Plaintiff instigated the charge. One cannot charge another because of what he/she believes, you must have the facts.

5. Plaintiff suffered mental, financial, and reputation damages, wages, and promotions because of discharge.

6. EEOC negotiated charge against Plaintiff, rejected by Defendant.

### Defendant's Contested Issues of Fact

1. Whether Plaintiff incited and heightened the situation with two female employees by moving from group to group, making false statements about the two female employees, which

led to the confrontation between those employees.

2. Whether the Defendant, by and through its employees discriminated against the Plaintiff on the basis of gender under Title VII of the Civil Rights Act of 1964, as amended.

3. Whether the Plaintiff suffered any damages as a result of any alleged discrimination based on his gender.

4. Whether Plaintiff has mitigated his damages.

## CONTESTED ISSUES OF LAW

**A.  Plaintiff's Contested Issues of Law**

1. Plaintiff can establish the elements of a prima facie case of gender discrimination under the Title VII of the Civil Rights Act of 1964, as amended.

2. Plaintiff can demonstrate that he was treated less favorably within the 90-day probationary period.

3. Plaintiff can prove that Defendant violated his sex under Title VII of the Civil Rights Act of 1964, as amended.

4. Plaintiff can prove all charges against him.

**B.  Defendant's Contested Issues of Law**

1. Whether Plaintiff can establish the elements of a prima facie case of gender discrimination under Title VII of the Civil Rights Act of 1964, as amended.

2. Whether Plaintiff can demonstrate that he was treated less favorably than a similarly-situated individual from outside the protected class in connection with his termination of employment.

3. Assuming that Plaintiff states a *prima facie* case of age discrimination, whether Defendant has articulated a legally sufficient legitimate non-discriminatory reason for any adverse employment action it has taken with regard to Plaintiff.

4. Whether Plaintiff has any evidence to rebut any legitimate non-discriminatory reason articulated by Defendant or show that the alleged reason for his termination is pretextual in any way.

5. Whether Plaintiff can meet his ultimate burden of proving by a preponderance of the evidence that Defendant discriminated against him on the basis of gender with respect to his termination.

6. Whether Plaintiff is entitled to any damages and the extent of such damages.

7. Whether or not Plaintiff has mitigated his damages, if any.

## EXHIBIT LIST

### A. Plaintiff's Exhibits:

**WILL OFFER**

| | |
|---|---|
| PXA. Allen Carson Discharge | 2/15/02 |
| PXB. Charge filed with EEOC | 7/10/02 |
| PX1. Plaintiff Complaint to EEOC | 7/15/02 |
| PXC. EEOC Determination | 9/30/03 |
| C1. Notice of Right to Sue | |
| C2. Technicolor Fail to Reconciliation | 10/23/03 |
| PXD. Mary Adair Disciplinary Action | 12/12/03 |
| D1. Inappropriate Behavior | 12/18/03 |

| | |
|---|---|
| D2. Counseling Memo | 1/28/03 |
| D3. Excessive Absenteeism | various |
| D4. Poor Work Performance | 2/18/03 |
| D5. Creating a Disturbance | 2/12/02 |
| PXE. Latunda Dugan Disciplinary Action | 1/11/02 |
| E1. Inappropriate Behavior | 1/01/02 |
| E2. Threatening to Harm Someone | 3/21/02 |
| E3. Poor Work Performance | 2/21/02 |
| E4. Creating a Disturbance | 2/12/02 |
| PXF. Department Investigation of Incident (Written Statements of Allen R. Carson, Sr.; Mary Adair; Latunda Dugan; Lakeshia Smith; Mario Riley; Sharon Adair; James Hayes) | 2/12/02 |

**MAY OFFER**

Plaintiff may offer more documentation from EEOC files.

**B.    Defendant's Objections to Plaintiff's Exhibits**

Defendant objects to Plaintiff's Exhibits PXB and PX1 on the grounds of relevance, Fed. R. Evid. 401-02; and hearsay, Fed. R. Evid. 802. Defendant also objects to Plaintiff's Exhibits regarding the EEOC investigation (PXC, PXC1, PXC2) on the grounds of relevance, Fed. R. Evid. 401-02; undue prejudice, Fed. R. Evid. 403; and hearsay, Fed. R. Evid. 802. Defendant also objects to PXD, PXD1, PXD2, PXD3, PXD4 on the grounds of relevance, Fed. R. Evid. 401-02. Defendant also objects to PXE, PXE1 and PXE3 on the grounds of relevance, Fed. R. Evid. 401-02.

10

**C.    Defendant's Exhibits**:

**<u>WILL OFFER</u>**

|  |  | DATE | BATES STAMP NO. |
|---|---|---|---|
| DX1. | Technicolor Employee Handbook Policy on New Employee Qualifying Period |  | Bradford Aff., Ex. A |
| DX2. | Technicolor Human Resource Department Investigation of Incident (Written Statements of Allen R. Carson, Sr.; Mary Adair; Latunda Dugan; Lakeshia Smith; Mario Riley; Sharon Adair; James Hayes) | 2/12/02 | T0000006-12 |
| DX3. | Technicolor Separation Notice On Allen Carson, Sr. | 2/15/02 | T0000004 |
| DX4. | Technicolor Disciplinary Notice On Latunda Dugan | 2/13/02 | T0000018 |
| DX5. | Technicolor Disciplinary Notice On Mary Adair | 2/13/02 | T0000017 |

Defendant reserves the right to offer additional exhibits for rebuttal, demonstrative or impeachment purposes, including but not limited to various chronologies and timelines, copies of which are to be provided to Plaintiff. Defendant further reserves the right to offer any exhibits listed or offered by Plaintiff.

**D.    <u>Plaintiff's Objections to Defendant's Proposed Exhibits</u>**

Plaintiff objects to anything that is not disclosed in summary judgment.

11

## WITNESSES

**A.    Plaintiff:**

**WILL CALL**

Plaintiff will call upon Sue Bradford, also will call upon LaTunda Dugan, in support of Plaintiff.

**MAY CALL**

Plaintiff reserves the right to call any witness listed or called by Defendant. Plaintiff also reserves the right to call additional witnesses for rebuttal or impeachment purposes.

**B.    Defendant:**

**WILL CALL:**

Sue Bradford

**MAY CALL:**
Allen Carson
James Hayes
Mary Adair
Latunda Dugan
Lakeshia Smith
Mario Riley
Sharon Adair
Any witness listed by the Plaintiff in his pretrial disclosures or called by the Plaintiff to testify at trial.

Defendant also reserves the right to call additional witnesses for rebuttal or impeachment purposes.

**C.    Plaintiff's Objections to Defendant's Witnesses:**

None.

**D.    Defendant's Objections to Plaintiff's Witnesses:**

None.

12

## DEPOSITION TESTIMONY

None.

## ESTIMATED TRIAL LENGTH/STATEMENT OF JURY TRIAL

This case is a non-jury trial currently set for August 8, 2005, at 9:30 a.m. This trial should take one day.

## AMOUNT OF ASCERTAINABLE DAMAGES

Plaintiff is seeking $50,000 in Wages and Damages.

## LIST OF INTERESTED ATTORNEYS

**Attorneys for Defendant Technicolor**

David M. Rudolph (BPR # 13402)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis, Tennessee 38103-1182
(901) 522-9000
(901) 527-3746 (fax)

A copy of the interested law firm's letterhead is attached as EXHIBIT A.

## LIST OF SPECIAL EQUIPMENT

Counsel for Defendant intends to access the Court's video distribution system and with the Court's permission use a laptop computer to disseminate computer generated evidence.

**IT IS SO ORDERED** this ___1___ day of ~~July~~ Aug, 2005.

_/s/ Jon P. McCalla_
JON PHIPPS McCALLA
United States District Court Judge

**FOR PLAINTIFF:**                              **FOR DEFENDANT:**

_____                        _____
**Allen R. Carson, Sr.**                         **David M. Rudolph**

14

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:04-CV-02098 was distributed by fax, mail, or direct printing on August 2, 2005 to the parties listed.

Allen R. Carson
4264 Caryhill Dr.
Memphis, TN 38141

David M. Rudolph
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Honorable Jon McCalla
US DISTRICT COURT